## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                                    **CASE NO. 4:99cr22-RH**

**CHARLES WILLIAMS**

_____/

### MOTION TO CORRECT SENTENCE PURSUANT
### TO 28 § U.S.C. 2255

CHARLES WILLIAMS, Defendant, pursuant to 18 § U.S.C. 2255, moves this Court to correct the sentence imposed on him by this Court on September 1, 1999. The grounds in support of this motion are as follows.

1.      The Court has appointed the Office of the Federal Public Defender to represent Defendant Charles Williams in this cause, Doc. 255.

2.      When Mr. Williams was sentenced in 1999, under the law of the circuit as it existed at that time, carrying a concealed weapon was a "crime of violence" within the meaning of the career offender statute and guideline. But the law has changed. See *Begay v. United States,* --- U.S. ---, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008); *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008).

3.      Mr. Williams was considered a career offender, in part, because he had been previously convicted of carrying a concealed firearm, in Leon County Circuit Court case, R93-3544, and also, the same charge, in Leon County Circuit Court case R93-3777. Without these two convictions, he would not have been subject to Chapter 4 enhancements, under the United States Sentencing Guidelines, and his resulting offense level would have been 29, rather than 34. His guideline imprisonment range would have been 151- 188 months, rather than 262-327 months.

4.      The United States Attorney filed a motion under section 5K1.1 on Mr. Williams behalf, and on September 1, 1999, this Court committed Mr. Williams to the custody of the United States Bureau of Prisons for a term of 150 months of imprisonment .

5.      If the law in 1999, had been as it is today, Mr. Williams' guideline range would have been 151 to 188 months and this Honorable Court may have determined that the resultant sentence would have been less than the 150 months imposed.

6.      Assistant United States Attorney Leah Butler advises her office takes no position at this time because they are evaluating the issue in light of the 11th Circuit's recent decision in *Hunter v. U.S.*, --- F.3d ----, 2009 WL 453464, (11th Cir.2009).

**WHEREFORE**, CHARLES WILLIAMS requests this Court to reduce his sentence to the extent that it reflects roughly the same recognition for his assistance as was imposed originally.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by electronic delivery to the office of the Assistant United States Attorney, Leah Ann Butler, 21 East Garden Street, Suite 400, Pensacola, Florida 32502 , this April 9, 2009.

Respectfully submitted,
RANDOLPH P. MURRELL
Federal Public Defender


 *s/William R. Clark, Jr.*
William R. Clark Jr.
Assistant Federal Public Defender
Fla. Bar No. 592897
227 N. Bronough Street, Suite 4200
Tallahassee, Florida 32301
(850) 942-8818

3